UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RAYMOND J. CERILLI, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 3:16-cv-2087 (SRU) |
| | : | |
| DANNEL P. MALLOY, et al., | : | |
| Defendants. | : | |
| | : | |

**INITIAL REVIEW ORDER**

Raymond J. Cerilli, currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. Cerilli alleges that the defendants have been deliberately indifferent to his serious medical and mental health needs. Cerilli names as defendants Governor Dannel P. Malloy, Commissioner Scott Semple, Dr. G. Gerbino, Dr. G. Valletta, APRN Lea Pannella, APRN Tim Bombard, PRN J. Augusto, Dr. Ted Lawlor, Supervisor J. Wu, and John Doe Mental Health 1-99. The complaint was filed on December 16, 2016. Cerilli's motion to proceed *in forma pauperis* was granted on January 4, 2017.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not

sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.   Allegations

Cerilli alleges that he has been denied "real mental health medication." ECF No. 1 at 9, ¶ 12. Instead Drs. Gerbino and Valletta have prescribed Elavil, which Cerilli describes as poison. Cerilli experienced "big blood marks" over his body after taking Elavil. *Id.* at 13, ¶ 27(5).

Dr. Lawlor wants to prescribe a new heart medication and more "fake mental health drugs" for Cerilli. *Id.* at 17-18, ¶ 43. September 2014 medical records attached to the complaint indicate that Cerilli believes that only oxycodone are fentanyl "real" medications. *Id.* at 31.

II.   Analysis

The Prison Litigation Reform Act (PLRA) amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the PLRA amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

That provision of the PLRA requires the denial of Cerilli's motion to proceed *in forma pauperis* in this case.  Cerilli previously has had more than three cases or appeals dismissed as frivolous. *See Cerilli v. Meachum*, 3:95-cv-00113 (DJS) (dismissed January 19, 1995); *Cerilli v. Connecticut*, 3:98-cv-01370 (AHN) (dismissed June 16, 1999); *Cerilli v. Williams*, 3:98-cv-01703 (DJS) (dismissed February 26, 1999); and *Cerilli v. Connecticut*, 3:99-cv-01058 (GLG) (dismissed October 14, 1999).

Because the three strikes provision applies, Cerilli may not bring the present action without payment of the filing fee absent allegations of "imminent danger of serious physical injury."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) ("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").  To proceed without prepayment of the filing fee, Cerilli must meet two requirements: he must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint, and (2) that a favorable judicial outcome would redress the injury.  *See id.* at 296–97.  In addition, the danger of imminent harm must be present at the time the complaint is filed.  *See id.* at 296.

The Court granted Cerilli's motion to proceed *in forma pauperis* because he included as defendants health care providers at his current place of incarceration, and alleged that he is suffering serious reactions to his medications.  The complaint, however, contains no specific allegations against many defendants.  Defendants Semple, Malloy, Bombard, Pannella, Augusto and Wu are not referenced in the statement of facts.  Although some of these defendants are

referenced in the attached documents, it is not clear how these defendants have subjected Cerilli to an imminent danger of serious physical harm in December 2016.

For example, Cerilli has attached to his complaint an inmate request that was denied by defendant Augusto. Cerilli dated the grievance November 15, 2015, but it was rejected on October 26, 2015. ECF No. 1 at 104. Defendant Augusto also dealt with two other attached inmate requests, noting on one that Cerilli had been seen by the doctor in response to the request and rejecting the other as a duplicate. The only action by Commissioner Semple is a letter dated July 18, 2014, in which Commissioner Semple informed Cerilli of the proper procedures to request Protective Custody, seek Health Services and make FOI requests. *Id.* at 40. He also was copied on a July 2016 letter to Cerilli from Mary Ellen Castro in which she responded to a letter Cerilli sent the Commissioner, *id.* at 46, and an October 2015 inmate request in which Cerilli complains about injuries suffered in a 2014 truck accident. *Id*. at 109.

I cannot determine from the current complaint whether Cerilli was in imminent danger of serious physical harm on December 16, 2016, the day he filed his complaint. The attached exhibits, including medical records from 1998 through 2016, do not clarify the allegations. Accordingly, Cerilli is directed to file an amended complaint to clarify his claims. The amended complaint shall include specific allegations against each defendant explaining what actions each defendant took, or failed to take, that caused Cerilli to be in imminent danger of serious physical harm in December 2016. The current complaint contains references to other complaints filed about the same time. Claims asserted in those cases should not be included or referenced in the amended complaint.

III.     Motion for Copy

Cerilli has filed a document seeking a copy of all documents filed in this case. The caption includes the case numbers from five cases. I will consider the request only as it pertains to this case. If Cerilli seeks documents from other cases, he must file motions in those cases.

Prisoners are required to utilize the Prisoner Efiling Program when filing documents with the Court. *See* CTAO-21 (issued June 22, 2016). Under the program, prison officials scan and email prisoner documents to the Court. The original document is returned to the prisoner for his records. Cerilli has chosen to ignore this requirement and mail his documents to the Court. Thus, he is responsible for retaining a copy of his documents.

Because the Court has ordered Cerilli to amend his complaint, the Court will provide him a copy of the complaint in this case. Cerilli may obtain a copy of any other document by contacting the Clerk's Office to ascertain the copy costs for that document.

IV.     Conclusion

Cerilli is ordered to file an amended complaint to clarify his claims. The amended complaint shall include specific allegations against each defendant explaining what actions each defendant took, or failed to take, that caused Cerilli to be in imminent danger of serious physical harm in December 2016. Cerilli should not include or reference claims asserted in other cases he has filed. Cerilli shall file the amended complaint within **thirty (30) days** from the date of this order using the Prisoner Efiling Program. Failure to do so will result in the dismissal of this case.

Cerilli's motion for copy [**ECF No. 7**] is **GRANTED** in part.  The Clerk is directed to send Cerilli a copy of the complaint with this order.  The motion is denied with regard to any other document filed in this case and as to documents in any other cases filed by Cerilli.

**SO ORDERED** this 17th day of January 2017 at Bridgeport, Connecticut.

        /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge