UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND J. CERILLI,  :<br>    Plaintiff,  : <br> :<br>    v.  : <br> :<br>DANNEL P. MALLOY, et al.,  :<br>    Defendants.  :<br> : | No. 3:16-cv-2087  (SRU) |

**ORDER RE AMENDED COMPLANT AND IN FORMA PAUPERIS STATUS**

    Raymond J. Cerilli, is currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut.  On January 17, 2017, I filed an Initial Review Order addressing the original complaint.  I noted that Cerilli currently is precluded from filing any cases *in forma pauperis* under 28 U.S.C. § 1915(g), because he has previously had at least three cases or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See* Doc. # 9, at 2-3.  Cerilli was granted *in forma pauperis* status in this case because he included allegations that he was suffering serious reactions to his medication and thus under imminent threat of serious physical injury.

    Upon review of the complaint, however, I found that Cerilli failed to include specific allegations against many defendants and failed to demonstrate how each defendant caused Cerilli to be in imminent danger of serious physical injury on December 16, 2016, the day he filed the original complaint.  *See* 28 U.S.C. § 1915(g) (inmate who has had three case dismissed as frivolous may not proceed *in forma pauperis* unless the prisoner is under imminent danger of serious physical injury); *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)

("indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger"). I explained that to proceed without prepayment of the filing fee, Cerilli must allege facts showing that the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint, and that a favorable outcome in this case would redress the injury. *See id.* at 296–97. Cerilli also must show that the danger of imminent harm was present at the time he filed the complaint. *See id.* at 296. I, therefore, directed Cerilli to file an amended complaint to include specific allegations against each defendant explaining what actions each defendant took, or failed to take, that caused Cerilli to be in imminent danger of serious physical harm in December 2016.

       Cerilli includes the same nine defendants in his amended complaint: Dr. Valletta, Dr. Gerbino, Dr. Lawlor, Nurse Tim Bombard, Nurse D. Brown, Dr. Johnny Wu, R. Bush, Governor Dannel P. Malloy, and Commissioner Semple. Defendants Valletta, Gerbino and Bush work at Garner Correctional Institution, defendants Lawlor, Bombard and Brown at MacDougall-Walker Correctional Institution. Cerilli alleges that Drs. Valletta and Gerbino prescribed Elavil for him in July 2014. Cerilli experienced a reaction to the drug which he describes as blood blisters over his body. He lost weight, dropping to 220 pounds. After he was transferred to MacDougall-Walker Correctional Institution, his weight increased to 270 pounds.

       Cerilli complained to Brown that his legs and feet were swollen and painful. In November 2016, Brown stated that the swelling was the result of water retention. She gave him anti-embolism stockings and scheduled a doctor appointment. Cerilli continues to experience swelling to this day. Mental health staff want to prescribe what Cerilli describes as "more fake mental health drugs." Doc. # 13, ¶ 8. Dr. Lawlor has stated that Cerilli has no evidence that the

swelling was caused by Elavil.

Cerilli alleges that he suffers from a drug reaction or allergy.  The evidence submitted shows that he has suffered from this condition since 2014.  Despite specific instructions from the Court, Cerilli has not alleged any facts showing that he now is in imminent danger of serious physical harm as the result of the actions of any of the defendants.  Allegations of pain and swelling are insufficient to demonstrate an imminent danger of serious physical injury.  *See Cerilli v. Murphy*, 2010 WL 7865032, at *2 (D. Conn. Aug. 20, 2010) (citing cases).  In addition, long-lasting conditions do not demonstrate an imminent danger of serious physical harm.  *See Jackson v. Jin*, 2014 WL 1323211, at *3 (W.D.N.Y. Mar. 31, 2014) (condition existing for over two years insufficient to show imminent danger of serious physical harm).

In conclusion, because Cerilli has failed to allege facts in his amended complaint demonstrating an imminent danger of serious physical harm, I hereby **VACATE** the order [**Doc. # 8**] granting Cerilli's motion to proceed *in forma pauperis*.  The motion to proceed *in forma pauperis* [**Doc. #  2**] is **DENIED** pursuant to 28 U.S.C. § 1915(g).  All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Cerilli's delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT  06604.  Failure to tender the filing fee within **twenty (20) days** from the date of this Order will result in the dismissal of this action.

**SO ORDERED** this 10th day of February 2017, at Bridgeport, Connecticut.

 /s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge